UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEDTRICA SOLUTIONS LTD., a Canada corporation,

    Plaintiff,

    v.

CYGNUS MEDICAL LLC, a Connecticut limited liability company,

    Defendant.

Case No. C12-538RSL

ORDER DENYING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on plaintiff's "Motion for Summary Judgment of Non-Infringement" (Dkt. # 39). This case arises in response to a cease and desist letter that defendant Cygnus Medical LLC ("Cygnus") sent to plaintiff Medtrica Solutions Ltd. ("Medtrica"), informing Medtrica that by selling its Appli-Kit branded bedside pre-clean kit, Medtrica was infringing U.S. Patent No. 7,648,023 (the '023 Patent). First Amended Complaint (Dkt. # 24) at 2-3, ¶ 7. Shortly after receiving the letter from Cygnus, Medtrica filed a complaint for declaratory judgment that the '023 Patent is invalid and Medtrica has not infringed the '023 patent. Id. at 4, ¶¶ 12-14. Cygnus filed counterclaims, alleging claims of direct infringement, contributory infringement, and active inducement infringement against Medtrica. First Amended Answer, Affirmative Defenses and Counterclaim (Dkt. # 36) at 5-6, ¶¶ 1-7.

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 1

Medtrica seeks summary judgment that it does not directly or indirectly infringe the '023 Patent. Motion (Dkt. # 39) at 2. In response to Medtrica's request, Cygnus contends that Medtrica's motion is premature because it hinges on the construction the claims of the '023 Patent and claim construction briefs are not due until May 2013, and the claim construction hearing is scheduled for June 20, 2013. Response (Dkt. # 51) at 6. The Court agrees with Cygnus.

The Court has discretion to enter summary judgment in a patent case, even before a claim construction hearing takes place. Markman v. Westview Instruments, Inc., 52 F.3d 967, 980-81 (Fed. Cir. 1995) (*en banc*), *aff'd* 517 U.S. 370 (1996). "[T]he stage at which the claims are construed may vary with the issues, their complexity, the potentially dispositive nature of the construction, and other considerations of the particular case." See Vivid Techs., Inc. v. Am. Sci & Eng'g, Inc., 200 F.3d 795, 803 (Fed. Cir. 1999). In its discretion, the Court finds that this matter will be most efficiently addressed by allowing claim construction proceedings to occur first. The Court declines to consider Medtrica's motion for summary judgment until after reviewing the claim construction memoranda and completing the claim construction process. Medtrica's motion (Dkt. # 39) is DENIED as premature. Medtrica may re-file its motion for summary judgment following the conclusion of the claim construction process.

DATED this 15th day of November, 2012.

*signature*

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
FOR SUMMARY JUDGMENT - 2