UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEDTRICA SOLUTIONS, LTD., <br><br> Plaintiffs, <br><br> v. <br><br> CYGNUS MEDICAL, LLC, a Connecticut limited liability company, <br><br> Defendant. | Case No.  C12-538RSL <br><br> ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS WITH LEAVE TO AMEND |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff's "Motion to Dismiss with Prejudice First Amended Counterclaims for Willful, Inducing, and Contributory Patent Infringement" (Dkt. # 42).[1]  Plaintiff Medtrica Solutions, Ltd. ("Medtrica") argues that Defendant Cygnus Medical, LLC's ("Cygnus") counterclaims of willful infringement, contributory infringement, and induced infringement should be dismissed because they do not meet the pleading standards of Federal Rule of Civil Procedure ("Rule") 8 as construed by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  For the reasons set forth below, the Court GRANTS in part and DENIES in part Medtrica's motion.

---

[1] The Court finds that this matter can be decided on the papers submitted by the parties. Plaintiff's request for oral argument is, therefore, DENIED.

ORDER GRANTING IN
PART AND DENYING IN PART
MOTION TO DISMISS - 1

## II. ANALYSIS

**A. Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim has facial plausibility when a plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). Pleading facts that are merely consistent with a defendant's liability is insufficient to establish plausibility. Id. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

**B. Willful Infringement**

Medtrica argues that Cygnus's counterclaim of willful infringement must be dismissed because Cygnus fails to allege factual content to support the three elements of a willful infringement claim. Motion (Dkt. # 42) at 3. Specifically, Medtrica contends that Cygnus's claim should be dismissed because Cygnus fails to allege facts from which the Court could infer that Medtrica acted recklessly. Reply (Dkt. # 64) at 3. In response to Medtrica's argument, Cygnus argues that it has met the pleading requirements of willful infringement by alleging that Medtrica had notice of the '023 Patent and has continued to make and sell the Appli-Kit and Revital-Ox. Response (Dkt. # 61) at 3-4.

As the parties' arguments demonstrate, "there is a lack of complete uniformity in recent district court authority addressing wilful (sic) infringement claims in light of Twombly and Iqbal." Sony Corp. V. LG Elecs. U.S.A., Inc., 768 F. Supp. 2d 1058, 1064 (C.D. Cal. 2011) (internal quotation marks omitted). To survive a motion to dismiss under Rule 12(b)(6), the Court finds that Cygnus is not required to allege

specific facts establishing that Medtrica acted with objective recklessness.  The allegations that Medtrica has had notice of the '023 Patent since 2011 and has continued to make and sell the Appli-Kit and Revital-Ox, First Amended Answer (Dkt. # 36) at 6, ¶6, are sufficient to "make out the barest factual assertion" to state a claim for willful infringement," IpVenture, Inc. v. Cellco P'ship., 2011 WL 207978, at *2 (N.D. Cal. Jan. 21, 2011).  The Court DENIES Medtrica's motion to dismiss Cygnus's willful infringement claim.

**C. Indirect Infringement**

Indirect infringement includes contributory infringement and inducing infringement. Elan Microelectonics Corp. v. Apple, Inc., 2009 WL 2972374, at *2 (N.D. Cal. Sept. 14, 2009).  To establish liability for induced infringement, a patent holder must show "first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  Kyocera Wireless Corp. v. Int'l Trade Comm'n, 545 F.3d 1340, 1353-54 (Fed. Cir. 2008).  Medtrica contends that Cygnus's induced infringement counterclaim should be dismissed because Cygnus has failed to allege facts indicating that Medtrica had the specific intent to induce a third-party to infringe the '023 Patent.  Motion at 5.  However, the Court may infer specific intent here from the allegations regarding Medtrica's website and marketing materials, as well as the instructions for using the Appli-Kit. Symantec Corp. v. Veeam Software Corp., 2012 WL 1965832, at *5 (N.D. Cal. May 31, 2012).  Medtrica's motion to dismiss Cygnus's claim for induced infringement is DENIED.

To state a claim for contributory infringement, Medtrica argues that Cygnus must allege that a third-party directly infringed the '023 Patent using a component supplied by Medtrica, Medtrica knew of the '023 Patent, and the component was especially made

ORDER GRANTING IN
PART AND DENYING IN PART
MOTION TO DISMISS - 3

for infringing use and had no substantial non-infringing uses.  Motion at 4 (citing Lucent Techs., Inc. v. Gateway, Inc., 580 F.3d 1301, 1320 (Fed. Cir. 2009)). While the Court may infer specific intent required for a claim for induced infringement, the Court cannot, in the complete absence of allegations, infer that Appli-Kit or the Revital-Ox is a component of a patented invention, or that the component has no substantial non-infringing use.  See Halton Co. v. Streivor, Inc., 2010 WL 2077203, at *2 (N.D. Cal. May 21, 2010).  Cygnus's First Amended Answer is devoid of factual allegations about Medtrica's sale or importing of any component of a patented invention and the component's potential uses.  See First Amended Answer at 5-6, ¶ 4.  The Court GRANTS Medtrica's motion to dismiss Cygnus's claim of contributory infringement.

Contrary to Medtrica's arguments, the Court finds that the deficiencies in Cygnus's contributory infringement claim may be resolved by pleading additional facts. Based on that finding, the Court dismisses Cygnus's contributory infringement claim with leave to amend.  Cook, Perkiss & Liehe, Inc. v. Northern Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990) ("in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.").

### III.  CONCLUSION

For all the foregoing reasons, the Court GRANTS Medtrica's motion to dismiss Cygnus's contributory infringement counterclaim and DENIES Medtrica's motion to dismiss Cygnus's counterclaims of willful and induced infringement (Dkt. # 42). Within 30 days of the date of this Order, Cygnus may file an amended answer with facts sufficient to assert a claim of contributory infringement.  If Cygnus does not file an

amended answer, the Court will proceed on Cygnus's counterclaims of willful and induced infringement.

DATED this 15th day of November, 2012.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING IN
PART AND DENYING IN PART
MOTION TO DISMISS - 5