UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEDTRICA SOLUTIONS LTD.,

Plaintiff,

v.

CYGNUS MEDICAL LLC, a Connecticut limited liability company,

Defendant.

Case No. C12-538RSL

ORDER DENYING MOTION TO STRIKE

## I. INTRODUCTION

This matter comes before the Court on defendant Cygnus Medical LLC's ("Cygnus") "Motion to Strike" (Dkt.# 88). Cygnus seeks to strike the expert report disclosed by plaintiff Medtrica Solutions Ltd. ("Medtrica") and third-party defendant Steris Corp. ("Steris") regarding Markman issues. Cygnus contends that extrinsic evidence is disfavored in claim construction proceedings. Cygnus also argues that the expert report should be stricken because Medtrica did not identify any experts in its Local Patent Rule 131 disclosures. In the alternative, Cygnus requests a continuance of the rebuttal expert disclosure deadline 30 days from the date of the Court's order. Medtrica argues that Cygnus' motion is baseless and designed solely to delay the Markman hearing and thus, it asks the Court to award it the fees incurred in responding to Cygnus' motion. For the reasons set forth below, the Court DENIES Cygnus' motion to strike and Medtrica's request for attorney's fees.

ORDER DENYING
MOTION TO STRIKE - 1

## II. DISCUSSION

**A. Motion to Strike**

A district court's claim construction process begins by considering the intrinsic evidence, i.e., the patent, including the claims, the specification and the prosecution history, Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996), but it need not end there.  A district court may, in its discretion, also consider extrinsic evidence, "which consists of all evidence external to the patent and prosecution history, including expert and inventor testimony, dictionaries, and learned treatises."  Phillips v. AWH Corp., 415 F.3d 1303, 1317 (Fed. Cir. 2005) (quoting Markman v. Westview Instruments, Inc., 52 F.3d 967, 980 (Fed. Cir. 1995) (en banc)); accord Serio-US Indus., Inc. v. Plastic Recovery Tech., 459 F.3d 1311, 1319 (Fed. Cir. 2006).  Expert testimony may be useful "to provide background on the technology at issue, to explain how an invention works, to ensure that the court's understanding of the technical aspects of the patent is consistent with that of a person of skill in the art, or to establish that a particular term in the patent or the prior art has a particular meaning in the pertinent field."  Phillips, 415 F.3d at 1318.

While Cygnus is correct that extrinsic evidence is generally considered less reliable than the patent and its prosecution history, id., this argument addresses the weight a district court may afford extrinsic evidence in construing the claims, not whether a court may consider extrinsic evidence, Spansion, Inc. v. Int'l Trade Comm'n, 629 F.3d 1331, 1344 (Fed. Cir. 2010) ("[E]xtrinsic evidence, such as expert testimony, may also be used when given the appropriate weight by the trial court.").  For example, a district court must not rely on extrinsic evidence where the intrinsic evidence resolves the ambiguity in a disputed claim.  Vitronics, 90 F.3d at 1583.  Similarly, where expert testimony is inconsistent with the specification and prosecution history, or where expert testimony provides conclusions about the definitions of claim terms without references

ORDER DENYING
MOTION TO STRIKE - 2

to industry publications or independent sources, the district court may not afford it any weight. Phillips, 415 F.3d at 1318; Network Commerce, Inc. v. Microsoft Corp., 422 F.3d 1353, 1361 (Fed. Cir. 2005). However, these rules of claim construction do not prohibit a district court from considering extrinsic evidence during the process.

Cygnus also contends that the expert report must be stricken because it inappropriately refers to the accused product. Dkt. # 88 at 4-5. The Court disagrees. While it is true that "a court may not use the accused product or process as a form of extrinsic evidence to supply limitations for patent claim language," this "reference" rule "does not forbid awareness of the accused product or process to supply the parameters and scope of infringement analysis, including its claim construction." Wilson Sporting Goods Co. v. Hillerich & Bradsby Co., 442 F.3d 1322, 1330-1331 (Fed. Cir. 2006). Like other forms of extrinsic evidence, the product at issue may provide necessary context to allow a court to properly construe the claims. Serio-US, 459 F.3d at 1319. Thus, the report's references to the product does not prohibit the Court's consideration of it.

Cygnus' final contention that the disclosure of report was untimely is not persuasive. It is undisputed that Medtrica and Steris disclosed their expert report on March 22, 2013, the deadline for disclosing expert witnesses and reports regarding Markman issues. Dkt. # 89 at 2; Dkt. # 99 at 2; see Dkt. # 93 at 6. Despite the timely disclosure, Cygnus argues that the expert report should be stricken because Medtrica did not identify any experts in its disclosures pursuant to Local Patent Rule 131. Dkt. # 88 at 5. Local Patent Rule 131 requires the parties to "exchange their preliminary identification of extrinsic evidence," including testimony of percipient and expert witnesses that they contend support their claim constructions when they exchange their preliminary claim constructions. Local Patent Rule 131. However, nothing in Local

ORDER DENYING
MOTION TO STRIKE - 3

Patent Rule 131 prohibits a party from retaining an expert and disclosing that expert after exchanging preliminary identifications of extrinsic evidence and Cygnus does not provide any authority to support that interpretation.  Furthermore, Medtrica and Steris complied with the Court's case management order setting the expert witness disclosure deadlines for <u>Markman</u> issues.  Thus, the Court finds that disclosure was timely and DENIES Cygnus' motion to strike.[1]

Having denied Cygnus' motion to strike Medtrica's and Steris' expert report, the Court turns to Cygnus' alternative request to continue the rebuttal expert witness disclosure for 30 days following the date of this order.  Dkt. # 88 at 2.  Granting this extension would require the Court to continue the <u>Markman</u> hearing that is currently scheduled for June 20, 2013.  Dkt. # 29.

A party seeking to amend a scheduling order must show "good cause."  Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment" and "the focus of the inquiry is upon the moving party's reasons for seeking modification."  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992).  Cygnus does not provide a single reason why it failed to comply with Court's rebuttal expert deadline.  Thus, the Court finds that Cygnus has not established good cause and DENIES Cygnus' request for continuance.

**B. Request for Fees**

Medtrica contends that Cygnus' motion is baseless and designed to delay the claim construction proceedings.  Therefore, Medtrica argues, it is entitled to recover the fees it incurred in responding to the motion.  Dkt. # 89 at 12.  Although the Court declines to grant Cygnus' motion to strike, the Court is not convinced that the motion

---

[1] Because the Court DENIES Cygnus' motion to strike on other grounds, the Court does not reach Medtrica's judicial estoppel argument.

ORDER DENYING
MOTION TO STRIKE - 4

1  multiplied the proceedings such that Medtrica is entitled to recover its attorney's fees.
2  The Court therefore DENIES Medtrica's request for attorney's fees.

### III.  CONCLUSION

For all the foregoing reasons, the Court DENIES Cygnus' motion to strike and request for a continuance (Dkt. # 88).  The Court DENIES Medtrica's request for attorney's fees.

DATED this 21st day of May, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING
MOTION TO STRIKE - 5