UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEDTRICA SOLUTIONS LTD., a Canada corporation,

    Plaintiff,

    v.

CYGNUS MEDICAL LLC, a Connecticut limited liability company,

    Defendant.

Case No. C12-538RSL

ORDER DENYING MOTION TO COMPEL

This matter comes before the Court on Defendant Cygnus Medical LLC's ("Cygnus") "Motion to Compel Discovery Responses from Medtrica (Dkt. # 98). Cygnus contends that Plaintiff Medtrica Solutions, Ltd. ("Medtrica") "has provided no responses or incomplete responses to several of Cygnus' document requests and interrogatories" and therefore, seeks an order compelling Medtrica to provide complete responses to Interrogatories 4, 5, and 6, to produce all documents responsive to Requests for Production 1-3, 5-12, and 14-42, and to produce a privilege log. Because Cygnus did not make a good faith effort to confer with Medtrica regarding this discovery dispute before filing this motion, the motion to compel is DENIED.

The meet and confer requirements of Rule 37 of the Federal Rules of Civil Procedure ("Rule 37") and Local Civil Rule 37(a)(1)(A) are imposed for the benefit of the Court and the

ORDER DENYING MOTION TO COMPEL - 1

parties. They are intended to ensure that parties have an inexpensive and expeditious opportunity to resolve discovery disputes and that only genuine disagreements are brought before the Court. In the circumstances presented here, compliance with the Rules would have involved face-to-face or telephonic communications regarding the particular deficiencies Cygnus perceived in Medtrica's discovery responses. Contrary to Cygnus's counsel's assertion that Cygnus conferred in good faith with Medtrica, the Court finds that Cygnus did not comply with the letter or spirit of Rule 37(a)(1) or Local Civil Rule 37(a)(1)(A) before seeking relief from the Court.

While it may be true that Medtrica's responses to Cygnus's discovery requests are incomplete or in some cases, completely devoid of substance, there is no indication that Cygnus notified Medtrica of any particular concerns related to specific discovery requests prior to filing its motion to compel. See Dkt. # 98-7 at 2; Dkt. # 98-10 at 2; Dkt. # 98-14 at 2. Cygnus sent Medtrica several letters demanding the production of responsive documents and responses to interrogatories generally, but these letters were insufficient to give notice to Medtrica of Cygnus's particular concerns about Medtrica's responses and objections to specific discovery requests. Dkt. # 98-7 at 2; Dkt. # 98-9 at 2; Dkt. # 98-10 at 2; Dkt. # 98-11 at 3; Dkt. # 98-14 at 2. Since the time Cygnus first identified the particular discovery requests to which it contends Medtrica has not responded completely, dkt. # 98-16 at 2; dkt. # 98-18 at 2, the parties have engaged in one telephone conversation, dkt. # 98-19 at 2.

During that conversation, Cygnus failed to identify specific deficiencies in Medtrica's discovery responses and did not explain its position regarding particular documents it contends Medtrica has not produced. Dkt. # 98-19 at 2; see also Dkt. # 24 ¶ 24. Nonetheless, Medtrica informed Cygnus that it would provide additional documents and supplemental responses to interrogatories if Cygnus agreed to comply with the confidentiality provisions set forth in Local Patent Rule 111 and the terms of the parties' agreed proposed protective order, which the Court declined to enter in September 2012. Dkt. # 98-19 at 2. Cygnus did not respond to this proposal before filing the motion to compel. Dkt. # 103 ¶¶ 6-8.

ORDER DENYING MOTION TO COMPEL - 2

Although the parties discussed discovery concerns during their conversation in March 2013, the memoranda and supporting documents reveal that the conversation did not constitute a good faith effort to resolve the disputes. A good faith effort to resolve this matter would have involved an exchange of information until no additional progress was possible. This did not happen. Furthermore, there is no indication that the parties reached impasse prior to the filing of this motion. Medtrica agreed to produce a privilege log and has continued to produce documents since the filing of this motion. Dkt. # 98-1 ¶¶ 26-27; Dkt. # 98-19 at 2. As the memoranda and declarations suggest, Cygnus's motion was premature and could have been avoided had Cygnus brought its specific concerns to Medtrica's attention and engaged in a meaningful discussion of its positions before filing the motion. The Court is unwilling to issue an order compelling discovery under these circumstances.

Although Cygnus's motion to compel is premature, the Court notes that withholding purportedly "highly confidential" answers to interrogatories and responsive documents until the information is subject to a protective order is not appropriate and contravenes the rules of discovery and the parties' obligations under those rules. However, in light of Cygnus's public use of documents previously designated highly confidential by Medtrica and produced pursuant to the parties' agreement under Local Patent Rule 111, Medtrica may be justified in seeking additional assurances from Cygnus before producing this information.

For all of the foregoing reasons, Cygnus's motion to compel (Dkt. # 98) is DENIED.

Dated this 7th day of November, 2013.

*Robert S. Lasnik* (signature)

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO COMPEL - 3