UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEDTRICA SOLUTIONS LTD., a Canada corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>CYGNUS MEDICAL LLC, a Connecticut limited liability company,<br><br>    Defendant. | Case No. C12-538RSL<br><br>ORDER GRANTING IN PART MOTION FOR PROTECTIVE ORDER |

This matter comes before the Court on Defendant Cygnus Medical LLC's ("Cygnus") "Motion for Entry of Protective Order" (Dkt. # 119). Cygnus requests that the Court enter this district's model protective order to protect confidential business documents. Plaintiff Medtrica Solutions, Ltd. and Third-Party Defendant Steris Corp. (collectively "Medtrica") request that the Court enter a modified version of the model protective order that provides Attorney's Eyes Only protection for highly confidential documents. Having considered the parties' memoranda, supporting documents, and the remainder of the record, the Court finds as follows:

(1) This is a case involving a dispute between competitors in the medical device industry regarding alleged patent infringement. The parties do not dispute that a protective order is necessary to protect documents containing proprietary and confidential business information

ORDER GRANTING IN PART
MOTION FOR PROTECTIVE ORDER - 1

related to the parties' product development, research and marketing, and customer and supplier relationships. Dkt. # 120 at 1. However, the parties' dispute the terms of the protective order, specifically, whether heightened protection is appropriate and necessary for documents containing particularly sensitive business information.[1] Id. at 2-3.

(2) A court may enter a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984). Under this rule, the Court may, for good cause, enter an order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

(3) Medtrica has met its burden of showing that good cause exists for the Court to enter a protective order providing greater protection for highly sensitive business documents. The documents for which Medtrica seeks Attorney's Eyes Only protection contain information about finances, trade secrets, development and marketing plans, and supplier and customer information. Dkt. # 120-1 at 2. An order protecting highly sensitive, competitive information from disclosure to direct competitors would protect the parties from the undue burden or the specific harms associated with providing proprietary information to a direct competitor.

(4) Furthermore, Cygnus has not provided any reason not to enter Medtrica's proposed protective order with heightened protection for particularly sensitive business documents. Rather, Cygnus appears to rely on its belief that the Court prefers the model protective order. Dkt. # 119 at 2. Although the Local Civil Rules encourage parties to use the district's model protective order when the parties agree that a protective order is necessary, the Local Civil Rules

---

[1] Based on Cygnus's certification that it has in good faith conferred or attempted to confer with Medtrica, and the exhibits submitted in support of the motion, the Court finds that Cygnus has satisfied the meet and confer requirement of Rule 26(c)(1) of the Federal Rules of Civil Procedure and Local Civil Rule 26(c)(1).

ORDER GRANTING IN PART
MOTION FOR PROTECTIVE ORDER - 2

1 do not expressly prohibit the use of another protective order.  Rather, the Local Civil Rules
2 contemplate the submission of a stipulated protective order that deviates from the model
3 protective order and merely require "[p]arties that wish to depart from the model order [to]
4 provide the court with a redlined version identifying the departures from the model."  LCR
5 26(c)(2).  Medtrica has complied with this requirement and as explained above, established good
6 cause for the departures from the model protective order.  See Dkt. # 120-2.

     For all of the foregoing reasons, Cygnus's motion for protective order is GRANTED IN PART.  The Court GRANTS Cygnus's motion for the entry of a protective order, but DENIES Cygnus's specific request to enter the model protective order.  Instead, the Court adopts Medtrica's proposed Protective Order (Dkt. # 120-1) with the following change:

     Paragraph 5.2(b) shall be modified as follows:

     (b)     <u>Testimony given in deposition or in other **pretrial proceedings**</u>: the parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

     Dated this 7th day of November, 2013.

                                   *signature*
                                   Robert S. Lasnik
                                   United States District Judge

ORDER GRANTING IN PART
MOTION FOR PROTECTIVE ORDER - 3