UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEDTRICA SOLUTIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> CYGNUS MEDICAL LLC, a Connecticut limited liability company, <br><br> Defendant. | Case No.  C12-538RSL <br><br> ORDER GRANTING MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT |

## I.  INTRODUCTION

This matter comes before the Court on "Declaratory Plaintiff and Counterdefendant Medtrica Solutions Ltd.'s and Third-Party Defendant Seris Corp.'s Joint Motion for Summary Judgment of Non-Infringement," Dkt. # 110.  Medtrica Solutions Ltd. ("Medtrica") and STERIS Corp. ("Steris") (collectively "Defendants") seek an order declaring that they have not and do not infringe U.S. Patent No. 7,648,023 ("the '023 Patent").  Having considered the parties' memoranda, supporting documents, and the remainder of the record, the Court GRANTS Defendants' motion for summary judgment of non-infringement (Dkt. # 110).

## II.  FACTUAL BACKGROUND

Defendant and counterclaimant Cygnus Medical LLC ("Cygnus") is the owner of the '023 Patent titled Endoscope Pre-Clean Kit.  '023 Patent at [54] [73] (Dkt. # 111-1 at 2).  The '023 Patent relates to a pre-cleaning kit for an endoscope that can be used

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT - 1

1 immediately after a procedure to clear debris from the channel and insertion tube of the
2 endoscope before a more thorough cleaning can be completed. Id., col. 1, lines 5-10.
3 Claim 1 of the '023 Patent, which is at the heart of the parties' dispute, is set forth in
4 full:

1. An endoscope pre-cleaning kit comprising:

> a sealed, flexible pouch comprising front and back sidewall panels and a bottom gusset panel, the sidewall panels being superimposed over one another and sealed together proximate to their top and side peripheral edges to define a top seal and two opposing side seals, the sidewall panels being sealed to the bottom gusset panel proximate to bottom peripheral edges of the sidewall panels to define a gusseted bottom portion such that said pouch is adapted to stand upright;
>
> a pre-diluted detergent contained within said pouch; and
>
> an absorbent pad adapted to absorb a portion of said detergent, said absorbent pad is disposed within said pouch or said absorbent pad is attached to an outside of said pouch;
>
> wherein said pouch includes a portion adapted to be opened in order to access said detergent;
>
> wherein the portion adapted to be opened comprises at least one weakened line in the front and back sidewall panels; and
>
> wherein the pouch is capable of standing upright before it is opened to access said detergent.

'023 Patent, col. 6, lines 63-67, col. 7, lines 1-17.

Medtrica manufactures and sells endoscope pre-cleaning kits to, among others, Steris. Dkt. # 83 ¶ 4. Medtrica sells these products under the name "Appli-Kit" and

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT - 2

Steris sells these products under the name "Revital-Ox" (the "Accused Products"). Dkt. # 112 ¶ 2. The Accused Products are stand-up pouches that contain pre-diluted enzymatic detergent and a sponge. Dkt. # 41 ¶ 2; Dkt. # 112 ¶ 2. Each pouch is manufactured by Shannon Packaging and contains v-shaped "notches" on both sides approximately two inches below the top of the pouch. Dkt. # 41 at 4-7; Dkt. # 112 ¶ 3; Dkt. # 110 at 3. Medtrica receives empty pouches from Shannon Packaging and adds detergent and a sponge to each pouch before sealing the top. DKt. # 112 ¶ 4.

Medtrica filed this lawsuit seeking a declaration that the Accused Products do not infringe the '023 Patent and the '023 Patent is invalid. Dkt. # 24 ¶¶ 12-14. Cygnus filed a counterclaim against Medtrica and a third-party complaint against Steris, alleging infringement. Dkt. # 74; Dkt. # 75. Cygnus contends that the Accused Products infringe Claims 1-4, 10, and 11 (the "Asserted Claims"). Dkt. # 40 at 56. Defendants seek summary judgment of non-infringement on the grounds that the Accused Products lack the "weakened line" limitation of each of the Asserted Claims of the '023 Patent and there is no infringement by the doctrine of equivalents. Dkt. # 110 at 7.

### III. DISCUSSION

**A.    Summary Judgment Standard**

The moving party is entitled to summary judgment under Rule 56 "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party bears the burden of persuasion at trial, it must show that "the evidence is so powerful that no reasonable jury would be free to

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT - 3

disbelieve it." Shakur v. Schriro, 514 F. 3d 878, 890 (9th Cir. 2008) (internal quotation marks and citation omitted).

Where a nonmoving party will bear the ultimate burden of proof at trial, the moving party on motion for summary judgment bears both the initial burden of production and the ultimate burden of persuasion. Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1102 (9th Cir. 2000). To meet the burden of production, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim . . . or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." Id. Once the moving party meets its initial burden of persuasion, the nonmoving party must produce evidence to support its claim. Id. at 1103. If the nonmoving party fails to establish a genuine issue of material fact, the moving party is entitled to summary judgment. Id. All reasonable inferences supported by the evidence are to be drawn in favor of the nonmoving party. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

In patent infringement cases, summary judgment is appropriate when it is apparent that only one conclusion as to infringement could be reached by a reasonable jury. U.S. Phillips Corp. v. Iwasaki Elec. Co., 505 F.3d 1371, 1374-75 (Fed. Cir. 2008) ("Summary judgment on the issue of infringement is proper when no reasonable juror could find that every limitation recited in a properly construed claim either is or is not found in the accused device either literally or under the doctrine of equivalents.").

**B.     Cygnus's Request for Continuance**

Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT - 4

declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). To obtain relief under Rule 56(d) a party "must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp., 525 F.3d 822, 827 (9th Cir. 2008).

Cygnus requests to continue Defendants' summary judgment motion because "Medtrica and Steris have both withheld information regarding the design and manufactures of the accused products, which are important to the issue of infringement." Dkt. # 23 at 23. Cygnus argues that information about the design and manufacturing of the accused products "will show that notches in the accused products perform substantially the same function in substantially the same way to achieve substantially the same result as the claimed weakened line." Dkt. # 116-1 ¶ 11. These general statements are insufficient to justify a continuance. See, e.g., Tatum v. City & Cnty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) ("A party requesting a continuance pursuant to Rule 56([d]) must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."). Although Cygnus identifies broad categories of discovery it seeks to conduct, Cygnus's statements do not specify the facts sought, suggest that the facts sought exist, or explain how the precise sought-after facts are essential to oppose summary judgment. Family Home & Fin. Ctr., Inc., 525 F.3d at 827. For example, Cygnus fails to explain how information about the manufacturing procedures would defeat summary judgment in this case, where the primary inquiry is whether the Accused Products contain a physical, identifiable segment of material that is noticeably less strong that the surrounding material. Furthermore, the Court denied Cygnus's motion to compel discovery from Medtrica in November 2013, and Cygnus has not filed

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT - 5

any other motions to compel.  Dkt. # 123.  Thus, Cygnus has not satisfied the requirements of Rule 56(d) and its request for a continuance is DENIED.

**C.     Analysis**

Determining whether a particular product infringes an existing patent involves a two-step analysis.  "First, the court determines the scope and meaning of the patent claims asserted, and then the properly construed claims are compared to the allegedly infringing device."  Cordis Corp. v. Boston Scientific Corp., 658 F.3d 1347, 1354 (Fed. Cir. 2011) (internal quotation marks and citation omitted).  Infringement may be proven by literal infringement, or under the doctrine of equivalents.  Ethicon Endo-Surgey, Inc. v. U.S. Surgical Corp., 149 F.3d 1309, 1315 (Fed. Cir. 1998).

In its order construing the patent terms, the Court construed the term "weakened line" to mean "a physical, identifiable segment of material that is less strong than the surrounding material."  Dkt. #108 at 8.  The Court noted that the intrinsic evidence, particularly the prosecution history, demonstrated that "the line must be identifiable to the user," not just hypothetical, but physically present.  Id. at 6.  In response to the United States Patent and Trademark Office's ("USPTO") rejection for obviousness, Cygnus explained that "the at least one weakened line" "is an important aspect of the present invention because it provides a user with a quick and convenient access [to] the detergent in order to clean the endoscope."  Dkt. # 96-6 at 11-12.  Thus, the Court found that Cygnus limited its invention to a pouch with a visible "weakened line."  Dkt. # 108 at 6.

**1. Literal Infringement**

To establish literal infringement, a plaintiff must show that every limitation set forth in a claim is found in the accused product.  See, e.g., Southwall Techs., Inc. v. Cardinal IG Co., 54 F.3d 1570, 1575 (Fed. Cir. 1995).  Defendants contend that there is

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT - 6

1 no literal infringement because the Accused Products lack the "weakened line"
2 limitation of each of the Asserted Claims of the '023 Patent. Dkt. # 110 at 7.

3       In its opposition, Cygnus does not dispute that the Asserted Claims contain the
4 "weakened line" limitation. Instead, Cygnus argues that a genuine issue of material fact
5 exists regarding literal infringement because a reasonable jury could find that the
6 Accused Products' notches themselves constitute weakened lines or that the notches
7 create a weakened line along the top of the pouches. Dkt. # 116 at 5-6. The Court
8 disagrees. First, as Cygnus acknowledges, the notches in the Accused Products are slits
9 in the side seals of the pouches. Dkt. # 116 at 6. Although these slits are physically
10 identifiable, they do not consist of material that is less strong than the surrounding
11 material. Rather, the cuts consist of physical breaks in the material, not areas or
12 segments of relative weakness within the material. See Dkt. # 116-2 at 2.

13       With respect to Cygnus's second argument that the notches create a weakened
14 line between them, Cygnus relies on the declaration of Shaun Sweeney, Vice President
15 of Sales for Cygnus and one of the named inventors on the '023 Patent. Dkt. # 116 at 5-
16 6. Mr. Sweeney's assertions that the notches in the Accused Products create a weakened
17 line, dkt. # 53 ¶ 4, do not support a finding of literal infringement because they are
18 inconsistent with the Court's construction of the term "weakened line." Dkt. # 108 at 5.
19 While this argument may support Cygnus's claim of infringement under the doctrine of
20 equivalents, it does not support a finding of literal infringement where there is no
21 physically identifiable segment of material between the two notches. Because Cygnus
22 has not provided any evidence that the Accused Products contain a physical, identifiable
23 segment of material that is less strong than the surrounding material, the Court
24 concludes that no reasonable juror could find that the Accused Products literally infringe
25 the '023 Patent.

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT - 7

**2. The Doctrine of Equivalents**

"Under the doctrine of equivalents, 'a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention.' " Freedman Seating Co. v. Am. Seating Co., 420 F.3d 1350, 1357 (Fed. Cir 2005) (quoting Warner-Jenkinson Co. v. Hilton Davis Chem. Co., 520 U.S. 17, 21 (1997)).  The relevant inquiry is whether "the accused product or process contain[s] elements identical or equivalent to each claimed element of the patented invention." Warner-Jenkinson Co., Inc., 520 U.S. at 40.  "An analysis of the role played by each element in the context of the specific patent claim will thus inform the inquiry as to whether a substitute element matches the function, way, and result of the claimed element, or whether the substitute element plays a role substantially different from the claimed element." Id.

As a matter of law, an element of an accused product is not equivalent to a limitation if a finding of equivalence would vitiate entirely the limitation. Freedman Seating Co., 420 F.3d at 1358.  Although there is no set formula for determining whether a finding of equivalence would vitiate a claim limitation, courts consider the totality of circumstances of each case and "whether the alleged equivalent can be fairly characterized as an insubstantial change from the claimed subject matter without rendering the pertinent limitation meaningless." Id. at 1359.

Here, it is undisputed that all of the Asserted Claims require the presence of at least one "weakened line" and the structure of the device is relatively simple. See '023 Patent, claims 1-4, 10, 11.  Cygnus contends that the Accused Products infringe the '023 Patent under the doctrine of equivalents because the notches in the Accused Products perform substantially the same function and achieve substantially the same result as the weakened line. Dkt. # 116 at 9.  The notches, Cygnus argues, enable the user to tear off

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT - 8

the top of the pouch in precisely the same manner that the weakened line allows the user to remove the top portion of the pouch to access the sponge and detergent.  Id.

While Cygnus may be correct that the notches of the Accused Products enable a user to open the pouch, a finding of equivalency in this case would read "weakened line" out of the Asserted Claims.  According to Cygnus's theory of infringement, any structure in the pouch that facilitates the tearing of the top of the pouch would be equivalent to a weakened line.  This would significantly broaden the narrow claims of the invention.  See Sage Products, Inc. v. Devon Indus., Inc., 126 F.3d 1420, 1425 (Fed. Cir. 1997).  Cygnus, as the patentee, could have attempted to claim broader protection for a pouch that allows a user to access its contents through the use of two notches, but it did not.  Instead, Cygnus sought a narrower claim that limits the invention to pouches that contain at least one "weakened line."  Dkt. # 111-1 at 73-76.  During negotiations with the USPTO, Cygnus consciously added the "weakened line" limitation, describing it as "an important aspect of the present invention because it provides a user with a quick and convenient access [to] the detergent in order to clean the endoscope."  Id. at 83-84.  Thus, "as between the patentee who had a clear opportunity to negotiate broader claims but did not do so, and the public at large, it is the patentee who must bear the cost of its failure to seek protection for this foreseeable alteration of its claimed structure."  Sage Products, Inc., 126 F.3d at 1425.

Furthermore, the preferred embodiment described in the specification of the '023 Patent in which one or both ends of the weakened line terminates with a notch or notches, '023 patent, col. 5, lines 64-67,  does not support a finding of infringement under the doctrine of equivalents.  The claims of the '023 Patent lack any reference to the existence of any notches in the invention, see '023 patent, claims 1-2, and the Federal Circuit has made clear that "[i]nfringement, either literally or under the doctrine of equivalents, does not arise by comparing the accused product with a preferred

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT - 9

embodiment described in the specification, or with a commercialized embodiment of the patentee." Johnson &Johnson Assocs. Inc. v. R.E. Serv. Co., Inc., 285 F.3d 1046, 1052 (Fed. Cir. 2002) (internal quotation marks and citation omitted).  "[T]he claim requirement presupposes that a patent applicant defines his invention in the claims, not in the specification.  After all, the claims, not the specific provide the measure of the patentee's right to exclude." Id.

## IV.  CONCLUSION

For all of the foregoing reasons, Defendants' motion for summary judgment of non-infringement (Dkt. # 110) is GRANTED.  The Clerk of Court is directed to enter judgment in favor of declaratory plaintiff and counterdefendant Medtrica and third-party defendant Seris and against defendant and counterclaimant Cygnus.

DATED this 3rd day of March, 2014.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT OF NON-INFRINGEMENT - 10