1

2          THE HONORABLE ROBERT S. LASNIK

3

4

5

6

7              UNITED STATES DISTRICT COURT

8            WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| 9  MEDTRICA SOLUTIONS LTD., a Canada corporation, | CASE NO. 2:12-CV-00538-RSL |
| 10                    Plaintiff, | **MEDTRICA'S REPLY IN SUPPORT OF ITS MOTION FOR RE-** |
| 11         v. | **CONSIDERATION ON MOTION FOR FINDING EXCEPTIONAL CASE** |
| 12  CYGNUS MEDICAL, LLC, a Connecticut limited liability company, | **AND AWARD OF ATTORNEYS' FEES** |
| 13                    Defendant, | NOTE ON MOTION CALENDAR: |
| 14         v. | June 6, 2014 |
| 15  STERIS CORP., an Ohio corporation, | ORAL ARGUMENT: July 1, 2014 at 10:00 a.m. |
| 16                    Third-party Defendant. | |

17

18

19

20

21

22

23

24

25

26

27

PRINTED ON
RECYCLED PAPER

REPLY ISO MOTION FOR
RECONSIDERATION RE FEE MOTION
CASE NO.: 2:12-CV-00538-RS
LA 10865913v1

**JEFFER MANGELS BUTLER & MITCHELL LLP**
*1900 Avenue of the Stars, 7th Floor*
*Los Angeles, California 90067*
*Telephone: (310) 203-8080   Facsimile: (310) 203-0567*

JMBM | Jeffer Mangels Butler & Mitchell LLP

## I.   THIS CASE IS EXCEPTIONAL UNDER *OCTANE FITNESS*' STANDARD

Cygnus suggests that *Octane Fitness v. Icon Health & Fitness*, 572 U.S. __, 134 S.Ct. 1749 (2014) simply turns the existing conjunctive standard for exceptionality, *i.e.*, that to be exceptional a case must be both (1) objectively baseless, *and* (2) brought in subjective bad faith, into a disjunctive standard, requiring *either* (1) objective baselessness, *or* (2) subjective bad faith. Cygnus is wrong. A number of district courts have already recognized that a correct reading of *Octane Fitness* requires them to go beyond the issues of objective baselessness and subjective bad faith, and apply a more "holistic" approach to determining whether fee awards are appropriate. *CreAgri, Inc. v. Pinnaclife, Inc.*, 2014 WL 2508386, *4 (N.D. Cal. June 3, 2014).[1]  Indeed, even the cases cited by Cygnus recognize that, under *Octane Fitness*, it is not enough to simply determine whether a case is objectively baseless or brought in subjective bad faith.[2]

The Supreme Court noted that "exceptional" should be given its ordinary meaning (*i.e.* uncommon, rare, or not ordinary). *Octane Fitness*, 134 S.Ct. at 1756 (2014). It held that an "exceptional" case was one that, based on the "totality of the circumstances," "stands

---

[1] *See also id.* ("[N]o bright-line rules define the parameters of what is exceptional, and no single element (such as baselessness or sanctionability) is dispositive. Rather, the inquiry requires the Court to consider a totality of the circumstances and to exercise its equitable discretion."); *Home Gambling Network Inc., v. Piche*, 2014 WL 2170600, *4 (D. Nev. May 22, 2014) (recognizing Supreme Court's statement that "one and only one constraint on district courts' discretion to award attorney's fees in patent litigation" is that it "is reserved for 'exceptional cases.' "); *Intellect Wireless, Inc. v. Sharp Corporation*, --- F.Supp.2d ----, 2014 WL 2443871, *5 (N.D. Ill. May 30, 2014) ("[T]he Supreme Court overturned the Federal Circuit's 'rigid and mechanical formulation,' . . . , replacing it with a discretionary, factors-based approach."); *Lumen View Technology, LLC v. Findthebest.com, Inc.*, 2014 WL 2440867, *5 (S.D.N.Y. May 30, 2014) ("The Court pointed to a similar fee shifting provision of the Copyright Act, . . . and explained that under that provision, courts consider a 'nonexclusive' list of factors . . . .").

[2] *EON Corp. IP Holdings, LLC v. FLO TV Inc.*, 2014 WL 2196418, *2 (D.Del. May 27, 2014) ("That a case is 'exceptional' is the only limitation imposed by the text of Section 285," and "*Octane Fitness* provides examples of two circumstances that could lead to the conclusion that a case is exceptional . . ."); *Bianco v. Globus Medical, Inc.*, 2014 WL 1904228, *2 (E.D.Tex. May 12, 2014) (recognizing that, under *Octane Fitness*, it was required to do more than conclude that neither part of the prior test had been satisfied); *Classen Immunotherapies, Inc. v. Biogen Idec*, 2014 WL 2069653, *3 & n.14, *6 (D.Md. May 14, 2014) (recognizing that *Octane Fitness* overruled the objective baselessness / subjective bad faith standard).

REPLY ISO MOTION FOR
RECONSIDERATION RE FEE MOTION - 1
LA 10865913v1    CASE NO.: 2:12-CV-00538-RS

**JEFFER MANGELS BUTLER & MITCHELL LLP**
*1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067*
Telephone: (310) 203-8080    Facsimile: (310) 203-0567

PRINTED ON
RECYCLED PAPER

1   out from others with respect to the substantive strength of a party's litigating position." *Id.*

2   While the Court recognized that litigation misconduct, objective baselessness, or subjective

3   bad faith could, given the right circumstances, each be independent bases for a finding of

4   exceptionality, it did not limit the possible bases for findings of exceptionality to those three

5   grounds. *Id.* at 1757. Instead, it explicitly stated that the objective baselessness / subjective

6   bad faith standard was "overly rigid," and clarified that "there is no precise rule or formula

7   for" determining whether a case is exceptional. *Id.* at 1756. Instead, "[d]istrict courts may

8   determine whether a case is 'exceptional' in the case-by-case exercise of their discretion,

9   considering the totality of the circumstances." *Octane Fitness*, 134 S.Ct. at 1756.

10  Additionally, exceptionality need only be proven by a preponderance of the evidence. *Id.* at

11  1758.

12      Here, in view of totality of the circumstances, this case is exceptional. Cygnus' case

13  is so weak that the Court found that *no reasonable juror* could find in Cygnus' favor.

14  Moreover, this determination was made two years into the case based on the same evidence

15  that was available to the parties at the outset of the case.[3] Despite two years of litigation,

16  Cygnus never obtained any expert opinion supporting its theory of infringement under *any*

17  claim construction. Cygnus never conducted any testing on the Accused Products

18  demonstrating that any "weakened line" was present. Indeed, after two years of litigation,

19  Cygnus had exactly the same amount of evidence of infringement that it had at the outset –

20  none. Worse, Cygnus pursued this litigation against a smaller competitor, in an effort to

21  eliminate competition, and prosecuted its case in a manner that suggested that its main goal

22  was to "outlast" Medtrica's ability to defend itself, rather than to obtain a judgment on the

23  merits. *See infra*, p. 5:19-6:16; *see also*, note 3, *supra*.

24

25  ─────────────────

26  [3] A comparison of the evidence submitted in support of the two different summary
    judgment motions and the claim construction briefing, shows that almost identical evidence
    was submitted in support of each: dictionary definitions, product samples, and the patent's
27  prosecution history.

PRINTED ON
RECYCLED PAPER

REPLY ISO MOTION FOR
RECONSIDERATION RE FEE MOTION - 2
LA 10865913v1   CASE NO.: 2:12-CV-00538-RS

*JEFFER MANGELS BUTLER & MITCHELL LLP*
*1900 Avenue of the Stars, 7th Floor*
*Los Angeles, California 90067*
*Telephone: (310) 203-8080   Facsimile: (310) 203-0567*

1    These facts render the litigation "unjustified."  *See Octane Fitness*, 134 S.Ct. 1753.

2    Moreover, it is particularly "rare" and "uncommon" for a patent owner to present *no expert*

3    *technical evidence* in support of its claim of infringement, and to fail to develop any

4    evidence of infringement during two years of litigation.  Accordingly, Medtrica has satisfied

5    its burden on proving, by a preponderance of the evidence, that this case is exceptional, and

6    Medtrica should be awarded its fees.

7    **II.    NO SPECIAL STANDARD FOR DECLARATORY PLAINTIFFS**

8        Cygnus suggests that Medtrica is not entitled to recover its fees because, as a

9    declaratory plaintiff, it "brought its fees on itself."  Cygnus cites no legal support for this

10   argument, likely because there is no legal support for this argument.

11       As one court noted in rejecting the precise argument advanced by Cygnus here, "this

12   Court finds such argument wholly without merit.  Section 285 provides that attorney fees

13   may be awarded to the 'prevailing party,' without further restriction as to whether that party

14   commences an action for declaratory relief or defends an action for patent infringement."

15   *Super Products Corp. v. D P Way Corp.*, 400 F. Supp. 998, 1004 (D.C.Wis. 1975).[4]  The

16   court stated that it could not "discern any distinction between a patentee's commencement of

17   an infringement action or its admitted threats of imminent prosecution . . . Under either set

18   of circumstances, the patentee has forced the hand of the potential infringer and allowed no

19   practical alternative."  *Id.*  Additionally, lest there be any doubt that prevailing declaratory

20   plaintiffs may recover fees in exceptional cases, in *Highmark Inc. v. Allcare Health*

21   *Management System, Inc.*, 572 U.S. __, 134 S.Ct. 1744 (2014), decided concurrently with

22   *Octane Fitness*, the declaratory plaintiff was awarded attorneys' fees of nearly five million

23   dollars.  *Id.* at 1747 (Supreme Court reversed the Federal Circuit's decision overturning the

24   fee award).

25

26       [4] This decision was subsequently overturned, but the appellate court did not address
     the argument that fees should not be awarded to a declaratory plaintiff.  *Super Products*
27   *Corp. v. D P Way Corp.*, 546 F.2d 748 (7th Cir. 1976).

Jeffer Mangels
Butler & Mitchell LLP

JMBM

1         There is no requirement that patent owners attempt an amicable resolution in order to

2    preserve their ability to recover fees.  Nor should any such requirement be imposed on

3    accused infringers.[5]  Here, Cygnus accused Medtrica of infringement.  Cygnus had a sample

4    of Medtrica's Accused Product prior to making this accusation.  Its accusation was so

5    lacking in support, however, that *no reasonable jury could have found in its favor*.  Why

6    should Medtrica have been required to negotiate with Cygnus?  Why should it have been

7    required to wait under the Damoclean sword of Cygnus' accusation to see if Cygnus would

8    file suit against it, or, worse, take action against Medtrica's customers?  Why should

9    Medtrica not have acted quickly to seek a court's determination that it was not infringing?[6]

10   To require accused infringers in Medtrica's situation to negotiate in order to preserve ability

11   to recover fees would simply reward patent owners for making unsupportable infringement

12   claims.

13        Moreover, Cygnus' delivery of a single cease and desist letter, accusing Medtrica of

14   infringement and demanding an accounting and payment of damages is not evidence of its

15   "good faith."  Dkt. 143, 2:1-10; Dkt. 132, ¶ 2 & Exh. A.  Medtrica responded to that letter

16   immediately after initiating the instant lawsuit by providing a product sample, and inviting

17   Cygnus to discuss settlement.  Dkt. 132, ¶ 2 & Exh. B.  Cygnus *never responded* to this

18   letter. Instead, it filed counterclaims for infringement.[7]  *See id.* at ¶ 3.

19   **III.    THE FOGERTY FACTORS SUPPORT A FEE AWARD**

20        **Motivation.**  Notably, Cygnus does not deny that its motivation in this lawsuit is to

21   eliminate its smaller competitor Medtrica, nor does it deny that, in furtherance of this

22        [5] Cygnus cites *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366 (Fed.
     Cir. 2008) as supporting an argument that fees are not available where a patent owner
23   attempted to negotiate.  That case does not support this argument, and , in fact, the court
     made no mention of any negotiations, or their impact on its decision.
          [6] Additionally, Medtrica filed quickly to avoid the possibility that it would be forced
24   to litigate in a foreign country, and on the other side of the continent, rather in a court close
25   to its headquarters in British Colombia, Canada.
          [7] Cygnus makes much of the fact that its counterclaims were "compulsory."  This
26   does not change the fact that Cygnus' claims were substantively unsupportable. Nor is it
     relevant that the Court did not reach the issue of invalidity.  Virtually all of the fees in this
27   case were expended in connection with the issue of infringement.

PRINTED ON
RECYCLED PAPER

REPLY ISO MOTION FOR
RECONSIDERATION RE FEE MOTION - 4
LA 10865913v1   CASE NO.: 2:12-CV-00538-RS

**JEFFER MANGELS BUTLER & MITCHELL LLP**
*1900 Avenue of the Stars, 7th Floor*
*Los Angeles, California 90067*
*Telephone: (310) 203-8080   Facsimile: (310) 203-0567*

JMBM | Jeffer Mangels
Butler & Mitchell LLP

1  objective it sued Medtrica's largest customer STERIS, and sough to use this lawsuit to force

2  STERIS to move its business away from Medtrica and to Cygnus. Fee Motion, 1:15-22.

3      **Furtherance of Compensation and Deterrence.**  Cygnus suggests that the Court

4  should ignore the disparate sizes of Cygnus and Medtrica, because third-party defendant

5  STERIS is a large company.[8]  But Cygnus misses the point.  STERIS's position is that

6  Medtrica is obligated to indemnify and defend it, and therefore, that it need not expend any

7  significant resources to defend against Cygnus' accusation.  This fact is reflected in the

8  difference in amount of the fees borne by STERIS on the one hand, and Medtrica on the

9  other.  Medtrica has incurred more than *twelve* times the amount of fees as STERIS, and

10  incurred fees and costs that approximates 10% of its revenues during the two year pendency

11  of this case.  Undoubtedly, had Medtrica failed to vigorously defend against Cygnus'

12  accusations, it would have lost STERIS as a customer.

13      An award of fees to Medtrica serves relevant policy considerations, and

14  considerations of compensation and deterrence.  Public policy favors a fee award in order to

15  encourage small companies, like Medtrica, to pursue their claims to completion, rather than

16  exiting the market or accepting unwarranted license agreements.  Similarly, an award will

17  deter large companies from "bullying" smaller companies with unsupportable infringement

18  claims.  If companies like Medtrica do not fight specious infringement claims, patent owners

19  will obtain unwarranted expansions of their patent rights, diminishing competition and

20  undermining the purposes of patent law.

21      **Objective Unreasonableness.**  Cygnus' conduct in this case has been objectively

22  unreasonable.  Cygnus argues that Medtrica should be precluded from calling attention to

23  the Court's earlier finding that Cygnus failed to meet and confer regarding Medtrica's

24  discovery responses (Dkt. No. 123, 2:9-3:11), because this argument was not raised in

25  Medtrica's original motion to declare the case exceptional.  This argument fails.  Cygnus'

26

27      [8] The Court must decide this issue separately with respect to Medtrica (a very small
company) and its customer STERIS (a comparatively larger company).

REPLY ISO MOTION FOR
RECONSIDERATION RE FEE MOTION - 5
LA 10865913v1    CASE NO.: 2:12-CV-00538-RS

**JEFFER MANGELS BUTLER & MITCHELL LLP**
*1900 Avenue of the Stars, 7th Floor*
*Los Angeles, California 90067*
*Telephone: (310) 203-8080    Facsimile: (310) 203-0567*

PRINTED ON
RECYCLED PAPER

1    discovery conduct, unless it rose to the level of "litigation misconduct," was not relevant

2    under the objective baselessness / subjective bad faith standard in place at the time Medtrica

3    filed its original motion.  Now, however, the Court must look to the "totality of the

4    circumstances", and Cygnus' discovery conduct is unquestionably relevant.

5         Cygnus repeatedly sent letters demanding that Medtrica "produce documents" and

6    "provide complete responses," but despite Medtrica's requests, Cygnus failed to ever inform

7    Medtrica what specific issues it found with Medtrica's responses, or what actual information

8    it wanted Medtrica to provide.  Dkt. No. 123, 2:9-3:11. In addition to the various delay

9    tactics employed by Cygnus to prolong this litigation, *e.g.* claims that it needed both fact and

10   expert discovery, but then failing to take any fact or expert discovery, Cygnus' failure to

11   meet and confer reveals Cygnus' true strategy.  Cygnus did not actually *need* additional

12   information to evaluate its infringement position;[9] it was only trying to keep the case going,

13   without a decision on the merits, long enough for Medtrica to run out of money.  Nor, as

14   discussed above, is Cygnus' delivery of a single letter accusing Medtrica of infringement

15   and demanding an accounting, evidence of Cygnus' reasonableness and good faith.  By any

16   objective measure, Cygnus' conduct has been unreasonable, and an award of fees is

17   appropriate.

18        Here, at least three of the four *Fogerty* factors weigh in favor of awarding attorney's

19   fees.  While the *Fogerty* factors are not exhaustive, this is a good indication that the "totality

20   of the circumstances" present in this case counsels a finding that the case is exceptional and

21   an award of attorney's fees to Medtrica and STERIS.

22        Respectfully submitted, this 6th day of June, 2014 by:

23                      JEFFER MANGELS BUTLER & MITCHELL LLP

24                      By: /s/  *JESSICA BROMALL* SPARKMAN

25   _____

26   [9] *See* Docket No. 104, ¶ 2-6 (Even before the motion to compel was filed, Medtrica
     had produced all documents relating to the development, design, and manufacture of the
     Accused Products, and the only documents withheld pending resolution of protective order
27   issues were highly confidential documents relating to Medtrica's sales).

PRINTED ON
RECYCLED PAPER

REPLY ISO MOTION FOR
RECONSIDERATION RE FEE MOTION - 6
LA 10865913v1   CASE NO.: 2:12-CV-00538-RS

JEFFER MANGELS BUTLER & MITCHELL LLP
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067
Telephone: (310) 203-8080   Facsimile: (310) 203-0567

1   Rod S. Berman (CA Bar No. 105444), admitted *pro hac*
    *vice*, rberman@jmbm.com
2   Jessica Bromall Sparkman (CA Bar No. 235017), admitted
    *pro hac vice*, jbromall@jmbm.com
3   1900 Avenue of the Stars, 7th Fl., Los Angeles, CA   90067
    ● Phone:  (310) 203-8080 ● Fax:  (310) 203-0567
4
5   LANDSMAN & FLEMING LLP
6   By: /s/  *BROH LANDSMAN*
7   R. Broh Landsman (WSBA #9321), broh@LF-law.com
    1000 Second Avenue, Suite 3000, Seattle, WA  98104
8   ● Phone:  (206) 624-7900 ● Fax: (206) 624-7903
9   *Attorneys for Plaintiff and Counterdefendant Medtrica*
    *Solutions Ltd.*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

PRINTED ON
RECYCLED PAPER
LA 10865913v1

REPLY ISO MOTION FOR
RECONSIDERATION RE FEE MOTION - 7
CASE NO.: 2:12-CV-00538-RS

JEFFER MANGELS BUTLER & MITCHELL LLP
*1900 Avenue of the Stars, 7th Floor*
*Los Angeles, California 90067*
*Telephone: (310) 203-8080    Facsimile: (310) 203-0567*